Clare Benedict HUDENBURG, Appellant,

v.

George F. NEFF, Independent Executor of Annette Gano Lummis, Avis Hughes McIntyre and Norton Bond, Executor of Rush Hughes, Appellees.

No. C14-82-108-CV.

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 9, 1982.

Brantly Harris, Prappas, Moncure, Harris & Eidman, Houston, for appellant.

Berry D. Bowen, Andrews & Kurth, Shelton Smith, Fisher, Perrin & Lewis, Houston, Rick Harrison, Patton G. Lochridge, McGinnis, Lochridge & Kilgore, Austin, Paul L. Freese, Kindel & Anderson, Los Angeles, Cal., for appellees.

Before PAUL PRESSLER, MURPHY and ROBERTSON, JJ.

PAUL PRESSLER, Justice.

Appellant appeals from a summary judgment against her claim that she is an heir at law of Howard R. Hughes, Jr., deceased.

On June 26, 1981, appellees obtained leave of court to file motions for summary judgment to be heard on July 13, 1981. Appellant was not present at the June 26th pretrial conference and made no objection to hearing the motions on July 13th.

At the summary judgment hearing, appellees presented evidence, including deposition testimony of Mrs. Hudenburg. Summary judgment was granted. Appellant was not represented at this portion of the hearing. Shortly thereafter, counsel for appellant arrived and asked that the hearing be reopened for the purpose of presenting a motion for continuance. The hearing was reopened and appellant's counsel presented his motion, alleging that appellant had intended to appear pro se but was physically unable. Appellant requested a continuance until she could travel and participate in the trial. The motion for continuance was denied. Additionally, counsel for appellant presented a motion "For Court's Compliance With Texas Code Of Judicial Conduct" urging that television cameras and lights not be allowed in the court room. No other issues in opposition to the motions for summary judgment were presented.

In her first three points of error, appellant contends that at the time the probate court granted leave to file appellees motions for summary judgment, she was not represented by counsel and was given insufficient time to prepare a response to appellees motions. She, therefore, asserts that it was error to deny her motion for continuance. The record reveals that just eighteen

days prior to the date on which leave to file the motions for summary judgment was granted, appellant signed a sworn motion stating that she was "currently represented by the law firm of Herzfeld and Ruben in Los Angeles...." Additionally, counsel for appellant appeared at the summary judgment hearing and presented a motion for continuance based solely on appellant's physical condition. Appellant's counsel presented no summary judgment evidence specifically defining the controverted issues or defects in the movant's proof that would defeat the motion. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671 (Tex.1979). He did not file affidavits stating reasons why appellant could not present facts "essential to justify his opposition" as required by Rule 166–A(f) of the Texas Rules of Civil Procedure.

Rule 166–A(c) requires that, except on leave of court, a motion for summary judgment is to be served at least twenty-one days before the date of the hearing on the motion. However, a party may waive the twenty-one day notice requirement if he receives notice, appears at the summary judgment hearing and does not file an affidavit as required by Rule 166–A(f). *Chandler v. Escobar,* 604 S.W.2d 524 (Tex.Civ. App.—El Paso 1980, no writ). Such is the situation in this case. Additionally, appellant's points are raised for the first time on appeal. "Both the reason for the summary judgment and the objections to it must be in writing and before the trial judge at the hearing." *City of Houston v. Clear Creek Basin Authority,* supra.

> Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal.

Tex.R.Civ.P. 166–A(c). Appellants first three points of error are, therefore, overruled.

In her fourth point of error, appellant complains that appellees motions for summary judgment were based solely on deposition testimony of appellant which was not on file on the date of the hearing. Rule 166–A(c) provides that:

The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, admissions and affidavits, if any, on file at the time of the hearing or filed thereafter with the permission of the court shows that, except as to the amount of damages, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.

The record shows that the deposition was on file almost five months before the judgment was entered by the trial court. The judgment reflects that the court considered the deposition. Every reasonable presumption consistent with the record is to be viewed in favor of the judgment. *Marez v. Moeck,* 608 S.W.2d 740 (Tex.Civ.App.—Corpus Christi 1980, no writ). Additionally, appellant's failure to object to the use of the deposition testimony at the hearing constituted a waiver of any right to complain of its use on appeal. *City of Houston v. Clear Creek Basin Authority,* supra. Appellant's fourth point of error is, therefore, overruled.

The judgment of the trial court is affirmed.