DOUGLASS v. COUNTRYWIDE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-334-CV

JANET LOU DOUGLASS APPELLANT

V.

COUNTRY WIDE HOME LOANS, INC. APPELLEE

------------

FROM THE 153RD DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

Appellant, Janet Lou Douglass (“Douglass”), appeals from the trial court’s granting of summary judgment in favor of appellee, Countrywide Home Loans, Inc. (“Countrywide”).  In five issues, Douglass complains that the trial court erred in granting Countrywide’s motion for summary judgment.  We will affirm in part and reverse and remand in part. 

II.  Background Facts and Procedural History

On May 21, 1999, Douglass executed a Texas Home Equity Note (the “Note”) in favor of ContiMortgage Corporation.  To secure payment of the Note, Douglass also executed a Texas Home Equity Security Instrument (“Security Instrument”) granting a lien on her property located at 4600 Jim Mitchell Trail East, Colleyville, Texas (the “Property”).  The Note and Security Instrument were assigned to Manufacturer and Traders Trust Company by ContiMortgage Corporation effective October 12, 2000.  Manufacturer and Traders Trust assigned the Note and Security Instrument to Countrywide effective February 1, 2001.
(footnote: 2)
 The terms of the Note required Douglass to make monthly payments beginning on the 26th
 day of June 1999 and continuing each month thereafter until the Note was paid in full. 
 Countrywide contends that Douglass defaulted by failing to make payments after February 2000.  Douglass contends that Countrywide breached its loan agreement with her by refusing two electronic payments tendered by her on February 1, 2000.
(footnote: 3)  She further asserts that because Countrywide failed to correct its breach after notification, the Texas Constitution required it to forfeit all principal and interest due, relieving her of her obligation to make payments.  
See
 
Tex. Const.
 art. XVI § 50(a)(6)(Q)(x) (amended 2003).
(footnote: 4)
 It is undisputed that on or about May 8, 2001, Countrywide filed an application for home equity foreclosure in the 348th
 District Court, that the 
348th
 District Court granted the application,
(footnote: 5) and that Countrywide thereafter posted the Property for non-judicial foreclosure.  On the eve of that foreclosure, Douglass filed this suit, seeking a declaratory judgment that Countrywide breached its agreement with her and damages resulting from that breach. Countrywide filed a general denial along with a counterclaim seeking a court order of foreclosure, and if necessary, a writ of possession.  Douglass filed a reply which included a general denial as to Countrywide’s counterclaim and amending her original petition to seek in addition to damages, release of Countrywide’s lien on her Property.

Countrywide then served upon Douglass a request for admissions. Douglass failed to answer and Countrywide filed a motion to deem answers admitted and for sanctions.  The trial court held a hearing on Countrywide’s motion on January 8, 2003, at which time Douglass appeared 
pro se
, admitting, in effect, that she had failed to answer Countrywide’s request for admissions.  At the conclusion of the hearing, the trial judge took the matter under advisement.  On April 8, 2003, the trial court deemed Douglass’s answers to be admissions but denied Countrywide’s request for sanctions.

Subsequently, on June 27, 2003, Countrywide moved for a traditional summary judgment on its counterclaim and a no-evidence summary judgment as to Douglass’s claims.  Douglass did not file a response to Countrywide’s summary judgment motion, although she appeared 
pro se 
at the hearing held on August 13, 2003.  At the hearing, the trial judge asked Douglass, for purposes of the record, to confirm that she had not filed a written response to Countrywide’s motion for summary judgment.  Douglass responded that she had not received notification from Tommy Bastian (Countrywide’s prior counsel in this case) that the hearing was taking place or that he was no longer Countrywide’s counsel in the case.  She admitted that she had “received several certified mail documents from another law firm,” but stated that she had refused to sign for them because (1) they were sent to “Douglas” (not Douglass), (2) were addressed to “West Jim Mitchell” (not East Jim Mitchell), and (3) not being from Tommy Bastian, she “figured” they would not be from the court because the court had “all the pleadings” with the correct name and address.  [Id.]  The trial judge noted for the record that the court signed an order on January 29, 2003 substituting Ms. Janna Clarke as counsel for Countrywide, then asked Ms. Clarke if she had any response to Douglass’s assertion regarding the address.  Ms. Clarke responded as follows:

Your Honor, we have sent Ms. Douglass notice by regular mail, certified mail and Federal Express on numerous occasions.  These are all the summary judgments.  These are all of the same documents that were sent to her by the various methods that I just described.  Each of these have been returned to my office. The only document that I’m aware of that she accepted was . . . the notice -- and I don’t even know that she accepted that, quite frankly, because we just got notice from the Court last week that this hearing was being changed from 9:30 to 2:30.  We resent notice of that hearing in each of those three ways.  We’ve not had an opportunity to get any of those back.  I don’t know if we will subsequently get those back or not.  But we have made every effort.  And these were sent to the correct address, Your Honor, and they’ve all been returned.  We did not know in what other method we could serve her with these documents.  But we’ve made every attempt.

At the conclusion of the hearing, the trial judge took the matter under advisement.  By letter dated August 14, 2003, the trial judge overruled Douglass’s objections as to service to the extent they were properly before the court, granted Countrywide’s motion for summary judgment, and instructed Countrywide’s counsel, Janna Clarke, to prepare a proposed summary judgment order.  The trial judge signed the summary judgment order granting summary judgment on September 19, 2003.  Thereafter, on September 24, 2003, Douglass filed an objection to the form of the summary judgment, and, on September 29, 2003, she filed a motion to reconsider the summary judgment.  On December 9, 2003, the trial court entered an order denying Douglass’s motion to reconsider the summary judgment.  This appeal followed.

III.  Procedural Defects

In her first three issues, Douglass contends that the trial court erred in granting summary judgment because (1) Countrywide’s motion for substitution of counsel and its motion for summary judgment contained no certificate of conference, (2) Countrywide failed to serve her with its motion for substitution of counsel and its motion for summary judgment, and (3) Countrywide’s proposed summary judgment was not properly served and did not contain a certificate of service.

A. Countrywide’s Motion for Substitution of Counsel

In her first issue, Douglass contends that the trial court erred in granting summary judgment because (1) Countrywide failed to serve and deliver on her “pleadings and notices of hearings and conformed orders” relative to Countrywide’s motion for substitution of counsel, and (2) Countrywide’s motion for substitution of counsel contained no certificate of conference.

Rule 10 of the Texas Rules of Civil Procedure provides, in relevant part, that where “the attorney in charge withdraws and another attorney remains or becomes substituted, another attorney in charge must be designated of record with notice to all other parties in accordance with rule 21a.”  
Tex. R. Civ. P.
 10.  However, nothing in rule 10 states or suggests that a motion filed by another attorney is somehow void or contingent upon the procedural requirements for substitution of counsel being met.  
See id
.;
 Blanche v. First Nationwide Mortgage Corp.
, 74 S.W.3d 444, 450 (Tex. App.—Dallas 2002, no pet.).  Thus, even if the trial court erred in granting Countrywide’s motion for substitution of counsel, we conclude that Douglass’s first issue entitles her to no relief.

Further, to obtain reversal of a judgment based upon error in the trial court, the appellant must show that (1) the error occurred, and (2) it probably caused rendition of an improper judgment, or probably prevented the appellant from properly presenting the case to the appellant court. 
Tex. R. App. P.
 44.1(a); 
Beam v. A.H. Chaney, Inc.
, 56 S.W.3d 920, 924 (Tex. App.—Fort Worth, pet. denied).  Here, Douglass’s only assertion of harm is that she did not receive proper notice of the summary judgment hearing because, absent notice from Bastian, she had no way of knowing that certified mail from another law firm could be about this case.  We find that argument unpersuasive.  Douglass received notice sufficient to allow her to attend the summary judgment hearing, her statements at that hearing indicate that she was aware that there had been a substitution of counsel, and she admitted that she had refused certified mail from another law firm.  We overrule Douglass’s first issue.

B. Countrywide’s Motion For Summary Judgment

In her second issue, Douglass argues that the trial court erred in granting summary judgment because (1) Countrywide failed to serve and deliver to her “pleadings and notices of hearings and conformed orders” regarding its motion for summary judgment, and (2) Countrywide’s motion for summary judgment contained no certificate of conference.  In response, Countrywide argues that Douglass received “constructive notice” of the motion and hearing, and that no certificate of conference is required on a motion for summary judgment.

1. Certificate of Conference 

Tarrant County Local Rule 3.06(b) states:

(b) No motions, objections or special exceptions will be set for hearing unless the moving party shall have certified in such motion or in a letter substantially the following:

‘A conference was held on (date) with (name of attorney for opposing party) on the merits of this motion.  A reasonable effort has been made to resolve the dispute without the necessity of court intervention and the effort failed.  Therefore it is presented to the Court for determination.’

Tarrant (Tex.) Dist. Ct. Loc. R. 
3.06(b).  However, rule 3.06(f) further provides that, “Section (b) of this Rule does not pertain to dispositive motions, e.g., Motions for Summary Judgment, Motions to Dismiss and Special Exceptions seeking to dismiss a cause of action, or a Motion for New Trial.”  
Id. 
3.06(f). 
 
Thus, we conclude that the trial court did not err in granting Countrywide’s motion for summary judgment in absence of a certificate of conference because no certificate of conference was required.  
See id
. 

2. Proof of Service and Notice of Hearing

The Texas Rules of Civil Procedure require motions for summary judgment and notices of hearings to be served on all parties of record.  
Tex. R. Civ. P.
 21, 166a(c).  Rule 166a(c) provides the nonmovant the right to have minimum notice of the hearing on a motion for summary judgment.  
See Lewis v. Blake
, 876 S.W.2d 314, 315 (Tex. 1994).  Except on leave of the court, with notice to opposing counsel, a motion for summary judgment and any supporting affidavits shall be filed and served at least twenty-one days before the time specified for hearing.  
Tex. R. App. P.
 166a(c). The purpose of the twenty-one- day notice provision is to give the party opposing the summary judgment a full opportunity to respond to the merits. 
 Stephens v. Turtle Creek Apartments
, 
Ltd.
, 875 S.W.2d 25, 26 (Tex. App.—Houston [14th
 Dist.] 1994, no writ).

However, lack of the twenty-one days’ notice of a summary judgment hearing is a nonjurisdictional defect that the nonmovant can waive.  
See May v. Nacogdoches Mem’l Hosp.
, 61 S.W.3d 623, 626 (Tex. App.—Tyler 2001, no pet.); 
Martin v. Martin, Martin, & Richards, Inc.
, 991 S.W.2d 1, 11, 13 (Tex. App.—Fort Worth), 
rev’d on other grounds
, 989 S.W.2d 357 (Tex. 1998).
  If a nonmovant receives notice that is untimely but sufficient to enable the nonmovant to attend the summary judgment hearing, the nonmovant must file a motion for continuance or raise the complaint of late notice in writing, supported by affidavit evidence, and raise the issue before the trial court at the summary judgment hearing. 
 May
, 61 S.W.3d at 626; 
see also Hudenburg v. Neff
, 643 S.W.2d 517, 518 (Tex. App.—Houston [14th
 Dist.] 1982, writ ref’d n.r.e.), 
cert. denied
, 464 U.S. 937 (1984).  It is only when the nonmovant is not given notice of the summary judgment hearing, or is deprived of the right to seek leave to file additional affidavits or other written response, that the nonmovant may preserve error in a post-trial motion.  
May
, 61 S.W.3d at 626-27.  Such is not the situation here. 

Here, Douglass received notice sufficient to allow her to appear at the summary judgment hearing, she filed no written complaint of late notice, and she did not ask for a continuance.  
Although Douglass argued at the summary judgment hearing that she had not been properly served, her assertions at the summary judgment hearing are not evidence.  
See
 
Tex. R. Civ. P.
 166a(c) (stating “No oral testimony shall be received at the hearing.”).  To preserve error, a notice objection must be in writing and pending in front of the trial court at the summary judgment hearing.  
See City of Houston v. Clear Creek Basin Auth.
, 589 S.W.2d 671, 677 (Tex. 1979)
.
  Accordingly, we conclude that Douglass waived her right to complain of insufficient notice on appeal.  
See id
.; 
May
, 61 S.W.3d at 626;
 Neff
, 643 S.W.2d at 518.  We overrule Douglass’s second issue.

C. Countrywide’s Proposed Summary Judgment

In her third issue, Douglass argues that the trial court erred in granting Countrywide’s proposed summary judgment because Countrywide did not properly serve upon her its proposed summary judgment.  Specifically, Douglass asserts that Countrywide’s service of its proposed summary judgment was defective because Countrywide sent the proposed summary judgment by regular mail and because the proposed summary judgment did not carry a certificate of service.  She also asserts that Countrywide effectively negated her ability to timely object to the form of the summary judgment because Countrywide did not mail the proposed summary judgment until ten days after the proposed summary judgment was filed.  Countrywide responds that a proposed order is not a pleading that requires a certificate of service.  We disagree.

Rule 305 of the Texas Rules of Civil Procedure provides that “[a]ny party may prepare and submit a proposed judgment to the court for signature.”  
Tex. R. Civ. P.
 305.  The rule also provides that “[e]ach party who submits a proposed judgment for signature shall serve the proposed judgment on all other parties to the suit who have appeared and remain in the case, in accordance with Rule 21a.”  
Id
.  Rule 21a provides, in relevant part, that the serving “party or attorney of record shall certify to the court compliance with this rule in writing over signature and on the filed instrument.”  
Tex. R. Civ. P.
 21a.  We conclude, therefore, that the trial court erred in granting the proposed summary judgment absent the required certificate of service.

However, as previously stated, to obtain reversal of a judgment based upon error in the trial court, the appellant must show that the error probably caused rendition of an improper judgment, or probably prevented the appellant from properly presenting the case to the appellant court. 
Tex. R. App. P.
 44.1(a); 
Beam
, 56 S.W.3d at 924.  Here, Douglass complains that she was harmed because Countrywide’s mailing of the proposed judgment was not timely.  She asserts that the delay in mailing effectively negated her ability to timely object to the proposed judgment.  She also asserts that Countrywide did not mail the proposed judgment until September 10, 2003, ten days after it was filed with the trial court, and that she did not receive the proposed judgment until on or about September 13, 2003.

We find nothing in rule 305 or rule 21a that requires a specific length of time for notice to be given except where a hearing is requested or where a party has the right or is required to do some act within a prescribed time frame.  
See
 
Tex. R. Civ. P.
 21a, 305; 
Tracy v. Annie’s Attic, Inc.
, 840 S.W.2d 527, 539 (Tex. App.—Tyler 1992, writ denied).  We note, however, that rule 21 requires three days’ notice where a hearing is being requested for a court order.  
Tex. R. Civ. P.
 21.  Here, the record reflects that the trial court did not grant the summary judgment until September 19, 2003.  Douglass admits that she received the proposed summary judgment on or about September 13, 2003. Thus, Douglass admits that she received the proposed summary judgment more than three days before the judgment was granted.  Further, the record reflects that Douglass filed an objection to the form of the summary judgment on September 24, 2003 and that on September 29, 2003, she filed a motion to reconsider the summary judgment but that she did not request an extension of time to file an objection to the proposed summary judgment.  Thus, we conclude that Douglass has shown no harm.  
See Tracy
, 840 S.W.2d at 539 (finding no harm where appellant had “not been deprived of any right afforded to him by law”).  We overrule Douglass’s third issue.

IV.  The Propriety of Summary Judgment

In her fourth and fifth issues, Douglass contends that the trial court erred in granting summary judgment because (1) Countrywide had no grounds for its  counterclaim, and (2) she established the elements of her cause of action. Specifically, Douglass asserts that the evidence shows that Countrywide breached its loan agreement with her by refusing her two payments tendered in February of 2000, that she notified Countrywide of its breach, and that Countrywide failed to correct the beach.  She asserts that as a result of its failure to correct the breach, Countrywide was obligated under Article XVI, Section 50(a)(6)(Q)(x) of the Texas Constitution to forfeit all principal and interest due on the Note, relieving her of any further obligation to make payments and entitling her to a release of Countrywide’s lien. 
 See
 
Tex. Const.
 art. XVI §§ 50(a)(6)(Q)(vii), 50(a)(6)(Q)(x) (amended 2003).  Countrywide responds that Douglass presented no evidence of her claims, that it is not required by the Texas Constitution to release its lien on the Property securing the Note, and that it had grounds for its counterclaim.

A. Summary Judgment on Douglass’s Claims

1. No-Evidence Standard of Review

After an adequate time for discovery, the party without the burden of proof may, without presenting evidence, move for summary judgment on the ground that there is no evidence to support an essential element of the nonmovant's claim or defense.  
Tex. R. Civ. P.
 166a(i).  The motion must specifically state the elements for which there is no evidence.  
Id.; Johnson v. Brewer & Pritchard, P.C., 
73 S.W.3d 193, 207 (Tex. 2002).  The trial court must grant the motion unless the nonmovant produces summary judgment evidence that raises a genuine issue of material fact.  
See
 
Tex. R. Civ. P.
 166a(i) & cmt.; 
S.W. Elec. Power Co. v. Grant, 
73 S.W.3d 211, 215 (Tex. 2002).

We review the evidence in the light most favorable to the party against whom the no-evidence summary judgment was rendered.  
King Ranch, Inc. v. Chapman
, 118 S.W.3d 742, 751 (Tex. 2003), 
cert. denied
, 124 S. Ct. 2097 (2004); 
Johnson
, 73 S.W.3d at 197; 
Morgan v. Anthony
, 27 S.W.3d 928, 929 (Tex. 2000).  If the nonmovant brings forward more than a scintilla of probative evidence that raises a genuine issue of material fact, then a no-evidence summary judgment is not proper.  
Moore v. K Mart Corp.
, 981 S.W.2d 266, 269 (Tex. App.—San Antonio 1998, pet. denied).

2. Analysis

The essential elements in a breach of contract claim are as follows: (1)  a valid contract exists; (2) the plaintiff performed or tendered performance; (3) that the defendant breached the contract; and (4) the plaintiff was damaged as a result of the breach.  
Frost Nat’l Bank v. Burge
, 29 S.W.3d 580, 593 (Tex. App.—Houston [14th
 Dist.] 2000, no pet.).

Here, Countrywide asserted in its motion for summary judgment that there was no evidence that Countrywide had breached its contract with Douglass and therefore no evidence that Douglass was damaged as a result. Douglass did not file a written response to Countrywide’s motion for summary judgment.  Instead she appears to rely on the allegations contained in her pleadings and the attachments to those pleadings.  However, pleadings are not evidence even when verified.  
Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer
, 904 S.W.2d 656, 660 (Tex. 1995).  Further, our review of the attachments to those pleading reveals no admissible evidence supporting Douglass’s claim that Countrywide breached its loan agreement with Douglass. Thus, we conclude that the trial court did not err in granting Countrywide summary judgment on Douglass’s breach of contract claim.  Accordingly, we overrule Douglass’s fourth and fifth issues to the extent that those issues challenge the trial court’s granting of summary judgment to Countrywide on Douglass’s claims.
(footnote: 6) 

B. Summary Judgment on Countrywide’s Counterclaim

1. Traditional Summary Judgment Standard of Review

In a summary judgment case, the issue on appeal is whether the movant met his summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.  
Tex. R. Civ. P.
 166a(c); 
S.W. Elec. Power Co., 
73 S.W.3d at 215; 
City of Houston
, 589 S.W.2d at 678.  The burden of proof is on the movant, and all doubts about the existence of a genuine issue of material fact are resolved against the movant.  
S.W. Elec. Power Co., 
73 S.W.3d at 215; 
Sci. Spectrum, Inc. v. Martinez
, 941 S.W.2d 910, 911 (Tex. 1997); 
Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.
, 391 S.W.2d 41, 47 (Tex. 1965).  Therefore, we must view the evidence and its reasonable inferences in the light most favorable to the nonmovant.  
Great Am.
, 391 S.W.2d at 47.

In deciding whether there is a material fact issue precluding summary judgment, all conflicts in the evidence are disregarded and the evidence favorable to the nonmovant is accepted as true.  
Harwell v. State Farm Mut. Auto. Ins. Co.
, 896 S.W.2d 170, 173 (Tex. 1995).  Evidence that favors the movant's position will not be considered unless it is uncontroverted.  
Great Am.
, 391 S.W.2d at 47.

The summary judgment will be affirmed only if the record establishes that the movant has conclusively proved all essential elements of the movant's cause of action or defense as a matter of law.  
Clear Creek Basin
, 589 S.W.2d at 678.

2. Analysis

Under Texas Rule of Civil Procedure 735, a party seeking to foreclose a home equity lien created under Article XVI, section 50(a)(6) of the Texas Constitution may file (1) a suit seeking judicial foreclosure, (2) a suit or counterclaim seeking a final judgment which includes an order allowing foreclosure under the security instrument and Texas Property Code section 51.002, or (3) an application under rule 736 of the Texas Rules of Civil Procedure for an order allowing foreclosure.  
See
 Tex. R. Civ. P.
 735.

Here, the trial court specifically awarded Countrywide summary judgment under rule 735(2).  Thus, we must determine if Countrywide was entitled to summary judgment under rule 735(2).

Countrywide attached to its motion for summary judgment its request for admissions served on Douglass along with the trial court’s order deeming Douglass’s answers to be admissions.  Attached to the deemed admissions are copies of the Note, Security Instrument, and related documents.  Douglass’s admissions establish, among other things, (1) that the documents attached to the discovery requests are genuine, were executed by Douglass, and created a lien against the Property, (2) that she failed to make payments after February 2000, (3) that her failure to make payments in accordance with the Note allows Countrywide to foreclose against the Property, (4) that Countrywide sent her notice of her default, offered her an opportunity to cure that default, and that she failed to cure the default, (5) that she was sent notice of Countrywide’s intent to accelerate the maturity of the debt, and (6) that Countrywide sent her notice that the Note had been accelerated.  As previously discussed, Douglass did not file a written response.

On appeal, Douglass argues that Countrywide was not entitled to summary judgment on its counterclaim because Countrywide no longer had a valid lien on her Property.  She asserts that because Countrywide breached its loan agreement with her, it must forfeit all principal and interest on the Note, entitling her to a release of Countrywide’s lien.

As previously discussed, there is no evidence in the record establishing that Countrywide breached its contract with Douglass.  Thus, we need not address Douglass’s contention that Countrywide forfeit all principal and interest on the Note.  
Douglass is not entitled to a release of Countrywide’s lien on her Property.

However, after reviewing all the evidence, we conclude that Countrywide failed to conclusively establish its right to summary judgment on its counterclaim.  To be entitled to an order of foreclosure, and if necessary, writ of possession, Countrywide was required to establish its right to foreclosure under the Security Instrument and section 51.002 of the Texas Property Code. 
See
 
Tex. R. Civ. P.
 735(2). 

Paragraph 20 of the Security Instrument securing the Note provides, in relevant part:

Lender shall give notice to Borrower prior to acceleration following Borrower’s breach of any covenant or agreement in this Security Instrument . . . . The notice shall specify: (a) the default; (b) the action required to cure the default; (c) 
a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and 
(d) 
that failure to cure the default on or before the date specified in the notice will result in acceleration of the sums secured by this Security Instrument and sale of the Property.  The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale
. . . .

[Emphasis added]

In addition, section 51.002(d) of the Texas Property Code provides, in relevant part:

(d) Notwithstanding any agreement to the contrary, the mortgage servicer[
(footnote: 7)] of the debt shall serve a debtor in default under a deed of trust or other contract lien on real property used as the debtor’s residence with 
written notice by certified mail 
stating that the debtor is in default under the deed of trust or other contract lien and giving the debtor at least 20 days to cure the default before notice of sale can be given under Subsection (b). . . .
(footnote: 8) 

Tex. Prop. Code Ann.
 § 51.002(d) (Vernon Supp. 2004-05) (emphasis added).

We find no evidence in the record establishing that Countrywide provided written notice to Douglass by 
certified mail 
giving her twenty days to cure her default.  
See id
. 
 
Further, we find no evidence in the record that Countrywide provided Douglass with notice, in accordance with its Security Instrument, stating (1) a date, not less than thirty days from the date of the notice, by which she could cure the default, (2) that her failure to cure the default on or before that date would result in acceleration of the debt and sale of the Property securing the debt, or (3) that Douglass had the
 
right to reinstate after acceleration and to bring a court action to assert the non-existence of default or any other defense.
  
See
 
Tex. R. Civ. P.
 735(2). 

Thus, we conclude that Countrywide has failed to establish its entitlement to summary judgment on its counterclaim as a matter of law.  Accordingly, we sustain Douglass’s fourth and fifth issues to the extent those issues challenge the trial court’s summary judgment on Countrywide’s counterclaim.

IV.  Conclusion

Because we conclude that there is no evidence of Douglass’s claims against Countrywide, we affirm that portion of the trial court’s summary judgment that Countrywide have a take-nothing judgment against Douglass for all her claims.  On the other hand, because we find there to be insufficient evidence in the record to establish Countrywide’s counterclaim for foreclosure and writ of possession as a matter of law, we reverse that portion of the trial court’s summary judgment that Countrywide have judgment for foreclosure of the Property and, if necessary, writ of possession, and remand Countrywide's counterclaim to the trial court for further proceedings.

DIXON W. HOLMAN

JUSTICE

PANEL B: DAUPHINOT, HOLMAN, and WALKER, JJ.

DELIVERED:  June 30, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
However, the appellate record includes a copy of a letter from Countrywide to Douglass notifying Douglass that Countrywide would begin servicing the Note effective October 1, 1999.

3:
In her brief, Douglass asserts that Countrywide marked her two payments NSF and returned the money to her checking account at Bank One twelve days after payment.  She suggests that Countrywide did so to establish the default necessary to foreclose on her Property.

4:
Section 50(a)(6)(Q)(x) of the Texas Constitution was amended on September 13, 2003 to set forth specific criteria under which a lender or note holder could cure most violations of the lender or note holder’s obligations under the extension of credit.  
See
 
Tex. Const.
 art. XVI § 50(a)(6)(Q)(x).  Prior to its amendment in 2003, section 50(a)(6)(Q)(x) stated:

(x) the lender or any holder of the note for the extension of credit shall forfeit all principal and interest of the extension of credit if the lender or holder fails to comply with the lender’s or holder’s obligations under the extension of credit within a reasonable time after the lender or holder is notified by the borrower of the lender’s failure to comply.

Tex. Const.
 art. XVI § 50(a)(6)(Q)(x) (amended 2003).

5:
However, the trial court’s order in that case is not part of the record before us. 

6:
On appeal Douglass requests, in effect, that we reverse the trial court’s judgment as to her claims, render judgment in her favor, and award her damages.  Under the circumstances of this appeal, we have no authority to do so.  
Tex. R. App. P.
 43.2.  Further, because we conclude that the trial court did not err in granting Countrywide summary judgment on Douglass’s claims, Douglass would not be entitled to the relief requested.  

7:
Countrywide is the current mortgage servicer, as such is defined in section 51.001(3) of the Texas Property Code.  
See
 
Tex. Prop. Code Ann.
 § 51.001(3) (Vernon Supp. 2004-05).  

8:
Subsection (b) sets forth the requirements for notice of the foreclosure sale.  
See
 
Tex. Prop. Code Ann.
 § 51.002(b) (Vernon 2004-05).