Rebecca MAY, Appellant,

v.

NACOGDOCHES MEMORIAL
HOSPITAL, Appellee.

No. 12–01–00012–CV.

Court of Appeals of Texas,
Tyler.

Sept. 19, 2001.

David C. Rankin, Nacogdoches, for Appellant.

William D. Guidry, Nacogdoches, for Appellee.

Panel consisted of DAVIS, C.J., WORTHEN, J., and GRIFFITH, J.

GRIFFITH, Justice.

Rebecca May ("May") appeals the trial court's order granting final summary judgment in favor of Appellee, Nacogdoches Memorial Hospital (the "Hospital"). May raises five issues on appeal. We affirm.

## BACKGROUND

May filed suit against the Hospital alleging that she was sexually assaulted by an individual from the Hospital's Environmental Services Department. May underwent a mastectomy of her right breast. May alleged that the sexual assaults occurred both prior to the operation and during her post-operative recovery. During both such alleged instances, May was partially anaesthetized.

In her original petition, May pled that the Hospital was negligent in its failure to provide a safe environment for patients under sedation, in failing to adequately supervise its staff, in failing to screen the backgrounds of its staff who would be in contact with May, in failing to institute adequate reporting policies and/or procedures concerning sexual abuse of patients, and in failing to adequately train employees in the reporting of sexual assaults. The Hospital answered asserting a general denial and raised the affirmative defense of sovereign immunity. In the alternative, the Hospital alleged that the maximum damages recoverable by May was $100,000.00.[1]

Subsequently, the Hospital filed its motion for summary judgment arguing that May's suit was barred by sovereign immunity or, alternatively, that May had failed to state a cause of action under the Texas Tort Claims Act.[2] A hearing on the Hospital's motion for summary judgment was set for October 26, 2000. On August 17, 2000, May filed her response to the Hospital's motion for summary judgment and argued that her claim was covered by the Texas Tort Claims Act and that the Hospital's motion for summary judgment was an improper vehicle for its allegations that May had failed to state a cause of action. Additionally, May moved for a continuance on the ground that she required additional time to conduct discovery. May's motion for continuance was not supported by affidavit as required by Texas Rule of Civil Procedure 251.

On October 13, 2000, May filed her third amended original petition and a supplemental response to the Hospital's motion for summary judgment. In her third amended petition, May raised additional claims involving civil rights violations and spoilation of evidence, and made additional factual allegations that Keggler, the person who allegedly committed the assault, had done so by making use of the Hospital's equipment and facilities.

On October 24, 2000, the Hospital, without leave, filed its first amended motion for summary judgment, in which, in addition to reurging the arguments raised in its original motion, the Hospital argued that the additional allegations raised by May's third amended petition failed to state a cause of action under the Texas Tort Claims Act. The record indicates that the Hospital's amended motion for summary judgment was served on May's attorney by fax on October 24, 2000.

---

1. See TEX. CIV. PRAC. & REM.CODE ANN. § 101.023 (Vernon Supp.2001).

2. See TEX. CIV. PRAC. & REM.CODE ANN. § 101.021 et seq. (Vernon Supp.2001).

May filed no written objection to the Hospital's amended motion for summary judgment based on inadequate notice. Rather, May participated in the hearing on the Hospital's motion for summary judgment. Following the hearing, the trial court granted the Hospital's amended motion for summary judgment and entered an order granting final summary judgment, from which this appeal is taken.

### INADEQUATE NOTICE OF SUMMARY JUDGMENT HEARING

In her first two issues, May contends that the trial court erroneously granted the Hospital's amended motion for summary judgment, which was not served on May twenty-one days prior to the hearing thereon. In a summary judgment context, "issues not expressly presented to the trial court by *written* motion, answer or other response shall not be considered on appeal as grounds for reversal." TEX.R. CIV. P. 166a(c) (emphasis added). In her brief, May addresses this problem in two ways. First, May claims that she "objected to the lack of twenty-one days notice on the Hospital's amended motion for summary judgment and moved for continuance in both her response and at the hearing." We have reviewed May's response and supplement thereto, both of which were filed before the Hospital filed its amended motion for summary judgment, and we are unable to locate any objection to inadequate notice.[3]

Alternatively, May cites *Tivoli Corp. v. Jewelers Mut. Ins. Co.*, 932 S.W.2d 704, 709 (Tex.App.—San Antonio 1996, writ denied) and contends that her objection to inadequate notice in her motion for new trial was sufficient to preserve error on the subject. However, in *Tivoli*, although the non-movant received 21 days notice of the hearing on the movant's motion for summary judgment, the trial judge mistakenly signed the summary judgment four days early, thereby offering the non-movant no opportunity to object. *Id.* at 710. As set forth below, circumstances demonstrating that a non-movant had no opportunity to present written objections to the trial court prior to a summary judgment hearing makes *Tivoli* distinguishable from the case at hand.

■■■ Lack of sufficient notice in a summary judgment proceeding is a nonjurisdictional defect. *See White v. Wah,* 789 S.W.2d 312, 319 (Tex.App.—Houston [1st Dist.] 1990, no writ). If a party receives notice that is untimely, but sufficient to enable the party to attend the summary judgment hearing, the party must file a motion for continuance and/or raise the complaint of late notice in writing, supported by affidavit evidence, and raise the issue before the trial court during the summary judgment hearing. *See Rios v. Texas Bank,* 948 S.W.2d 30, 33 (Tex. App.—Houston [14th Dist.] 1997, no writ). To hold otherwise would allow a party who participated in the hearing to lie behind the log until after the summary judgment is granted and then raise the complaint of late notice for the first time in a post-trial motion. *Id.* It is only when a party is not given notice of the summary judgment hearing, or a party is deprived of its right to seek leave to file additional affidavits or other written response, that it may preserve error in a post-trial motion. *See, e.g., Nickerson v. E.I.L. Instruments, Inc.,* 817 S.W.2d 834, 836 (Tex.App.—Houston

---

3. May did move for continuance. However, May's motion for continuance was not verified and was based on a contention that she needed ninety additional days to conduct discovery and made absolutely no reference to insufficient notice of the Hospital's amended motion for summary judgment, which would not be filed for another eleven days.

[1st Dist.] 1991, no writ). We are not faced with such a situation here.

■ In the case at hand, the record reflects that May failed to object in writing to inadequate notice of hearing prior to the hearing on the Hospital's motion for summary judgment. The record further reflects that the Hospital's amended motion for summary judgment was served on May's attorney by fax two days prior to the hearing thereon. We hold that there was adequate time for May to file a written objection prior to the hearing on the motion for summary judgment. Thus, since May failed to comply with Rule 166a(c)'s mandate that all issues be presented in writing, she has waived her right to raise such an issue on appeal. *See* TEX.R.APP. P. 33(a)(1)(B); *see also Rios,* 948 S.W.2d at 33. May's first and second issues are overruled.

### WERE MAY'S CIVIL RIGHTS CLAIMS, WHICH WERE DISPOSED OF BY THE TRIAL COURT'S ORDER GRANTING FINAL SUMMARY JUDGMENT, ADDRESSED IN THE HOSPITAL'S FIRST AMENDED MOTION FOR SUMMARY JUDGMENT?

May next contends that the trial court erred in granting summary judgment on claims not raised by the Hospital's first amended motion for summary judgment.[4] The claims to which May refers were added in May's third amended original petition and related to violations by the Hospital and others of May's Constitutional rights of equal protection under the law.[5] However, despite May's contention, the Hospital argues that it did address May's new claims in its first amended motion for summary judgment. In its first amended motion for summary judgment, the Hospital argued:

> [The Hospital] is a governmental unit and a political subdivision of the State of Texas. The 60th Legislature of the State of Texas, in regular session, created [the Hospital] under the authority of article IX, section 9 of the Constitution of this State. The title of the act is "Nacogdoches County Hospital District" and it was approved on June 12, 1967. As an arm and agent of the State of Texas, [the Hospital] is immune from the claims of Plaintiff. [The Hospital] invokes its right of sovereign immunity.

For the reasons set forth below, we hold that the Hospital's invocation of its right to sovereign immunity was sufficient to address May's claims under 42 U.S.C. §§ 1983 and 1985. May's fourth issue is overruled.

### THE HOSPITAL'S ENTITLEMENT TO SUMMARY JUDGMENT

May next contends that the trial court erred in granting the Hospital's amended motion for summary judgment because the Hospital failed to meet its burden of proving it was entitled to summary judgment as a matter of law. In its first amended motion for summary judgment, the Hospi-

---

4. This is May's fourth issue. Although May contends in her third issue generally that the trial court erred in granting the Hospital's first amended motion for summary judgment, the arguments raised in May's brief are far more limited. In accordance with Texas Rule of Appellate Procedure 38.1(h), we will only consider May's contentions that are specifically supported by clear and concise argument. *See, e.g., Franklin v. Enserch, Inc.,* 961 S.W.2d 704, 711 (Tex.App.—Amarillo 1998, no pet.); *Leyva v. Leyva,* 960 S.W.2d 732, 734 (Tex.App.—El Paso 1997, no writ); *McFarland v. Sanders,* 932 S.W.2d 640, 647 (Tex. App.—Tyler 1996, no writ). Thus, our disposal of other issues discussed herein, which May did support with argument, are determinative of our disposal of May's third issue.

5. May contends that these violations are causes of action under 42 U.S.C. §§ 1983 and 1985.

tal argued as follows: (1) As an arm and agent of the State of Texas, the Hospital is immune from the claims of Plaintiff and invokes its right of sovereign immunity; and (2) Plaintiff's allegations in tort are not included under the limited waiver of immunity provided in Chapter 101 of the Texas Civil Practice and Remedies Code.[6]

### a. *Standard of Review*

 In reviewing a 166a(c) motion for summary judgment, this Court must apply the standards established in *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985), which are:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law;

2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true;

3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

*See Nixon*, 690 S.W.2d at 548–49. For a party to prevail on a motion for summary judgment, he must conclusively establish the absence of any genuine question of material fact and that he is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c). A movant must either negate at least one essential element of the non-movant's cause of action, or prove all essential elements of an affirmative defense. *See Randall's Food Markets, Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex.1995); *see also MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex.1986). Since the burden of proof is on the movant, and all doubts about the existence of a genuine issue of a material fact are resolved against the movant, we must view the evidence and its reasonable inferences in the light most favorable to the non-movant. *See Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41, 47 (Tex.1965). We are not required to ascertain the credibility of affiants or to determine the weight of evidence in the affidavits, depositions, exhibits and other summary judgment proof. *See Gulbenkian v. Penn*, 151 Tex. 412, 252 S.W.2d 929, 932 (1952). The only question is whether or not an issue of material fact is presented. *See* TEX.R. CIV. P. 166a(c).

 Once the movant has established a right to summary judgment, the non-movant has the burden to respond to the motion for summary judgment and present to the trial court any issues that would preclude summary judgment. *See, e.g., City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678–79 (Tex.1979). All theories in support of or in opposition to a motion for summary judgment must be presented in writing to the trial court. *See* TEX.R. CIV. P. 166a(c).

### b. *Claims Under 42 U.S.C. §§ 1983 and*

---

6. The Hospital elaborated, "The allegations of negligence ... directed at [the Hospital] are general in nature and are not supported by specific factual allegations. Assaults and other intentional torts are specifically excluded from the limited waiver of sovereign immunity by TEX. CIV. PRAC. & REM.CODE § 101.157(2). Further, there is no allegation of injury caused by a condition or use of tangible personal or real property required by TEX. CIV. PRAC. & REM.CODE § 101.021. Plaintiff's specific factual allegations of use of tangible personal or real property fail to demonstrate a nexus between the property and plaintiff's claimed injury.... Furthermore, the alleged injury arose from an alleged intentional tort, assault or battery. Under § 101.057, there is

1985 [7]

The doctrine of sovereign immunity, unless waived, protects the State of Texas, its agencies and its officials, against lawsuits for damages, absent legislative consent to sue the State. *See Federal Sign v. Texas S. Univ.*, 951 S.W.2d 401, 405 (Tex.1997); *Griffin v. Hawn*, 341 S.W.2d 151, 152–53 (1960). Section 1983 applies only to "persons" as that term is used in the statute. *See Brinkley v. Texas Lottery Commission*, 986 S.W.2d 764, 771 (Tex.App.—Austin 1999, no writ), *citing Will v. Michigan Dep't of State Police*, 491 U.S. 58, 63–70, 109 S.Ct. 2304, 2308–11, 105 L.Ed.2d 45 (1989). States are not "persons" as that term is used in section 1983. *See Brinkley*, 986 S.W.2d at 771. Likewise, governmental entities that are considered "arms of the State" are not "persons" under section 1983. *Id.* at 772. If such an entity is not a person for purposes of section 1983, it is not a person for purposes of section 1985 either. *Id., citing State v. Biggar*, 848 S.W.2d 291, 295 (Tex. App.—Austin 1993), *aff'd*, 873 S.W.2d 11 (Tex.1994). When a litigant seeks relief from the acts of a State agency under section 1983, he must therefore sue an individual in authority at an agency as opposed to the agency itself. *See Brinkley*, 986 S.W.2d at 771.

In the instant case, the Hospital offered uncontradicted proof that it, by virtue of Legislative act was an "arm of the State." May sued the Hospital alone and failed to sue any individual person in his official capacity on behalf of the State. Thus, we conclude that since the Hospital, as "arm of the State," is not a "person" under sections 1983 or 1985, the Hospital is protected from May's lawsuit by virtue of sovereign immunity.[8]

c. **Claim Pursuant to Condition or Use of Personal or Real Property Pursuant to Texas Torts Claims Act**

May contends that the trial court erred in granting the Hospital's motion for summary judgment because the Hospital did not meet its burden of proving that it was entitled to a summary judgment as a matter of law because it did not prove immunity for its own negligence that occasioned harm to May through the use or misuse of tangible personal and real property.[9] Specifically, May argues that while she presented legal precedent and competent summary judgment evidence that raised fact questions concerning the Hospital's own negligence and liability for damages to her caused by a condition or use of tangible personal or real property, the Hospital offered no summary judgment evidence and no case law to the trial court to show that it was entitled to summary judgment. The Hospital argues that May's claim, although couched in terms of negligence, actually arises out of an assault, which, as an intentional tort, does not con-

---

no waiver of sovereign immunity under such circumstances."

7. Although May did not submit argument on the issue of whether the Hospital met its burden of proof regarding sections 1983 and 1985, May's contention that the Hospital did not address this issue at all in its amended motion for summary judgment necessitates a discussion of whether the Hospital's invocation of its right of sovereign immunity entitles it to summary judgment on May's claims under 42 U.S.C. §§ 1983 and 1985.

8. Our holding on this issue incorporates our conclusion that the Hospital's invocation of its right to sovereign immunity in its first amended motion for summary judgment sufficiently addressed May's claims under sections 1983 and 1985 to entitle it to summary judgment.

9. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.021 (Vernon Supp.2001).

stitute a waiver of liability covered by the Texas Tort Claims Act.[10]

■■■ When the movant establishes an affirmative defense that would bar the suit as a matter of law, the non-movant must then present summary judgment proof raising a fact issue in avoidance of the affirmative defense. *See Gonzalez v. City of Harlingen*, 814 S.W.2d 109, 112 (Tex. App.—Corpus Christi 1991, writ denied). For instance, the non-movant may present facts that would bring the matter within an exception or defense to the established affirmative defense. *Id.* In its motion for summary judgment, the Hospital pled its enabling legislation and invoked its right of sovereign immunity. *See* Tex.R. Civ. P. 166a(b) (party against whom a claim is asserted may move, with or without supporting affidavits, for a summary judgment in his favor); *see also Federal Sign*, 951 S.W.2d at 405 (sovereign immunity, unless waived, protects the State of Texas, its agencies and its officials from lawsuits for damages, absent legislative consent to sue the State). The Hospital's claim that it was "an arm of the State" was uncontroverted. Thus, by pleading its enabling legislation, the Hospital established its right to sovereign immunity, thereby shifting the burden of proof to May to present facts that would bring the matter within an exception or defense to the Hospital's claim of sovereign immunity. *See Gonzalez*, 814 S.W.2d at 112.

We now turn to May's response and supplemental response to the Hospital's motion for summary judgment. May argued that "during the assault, Keggler made use of the hospital scrub room, recovery room and hospital gurney to cause injury to plaintiff and to commit the assault and sexual touching on plaintiff." May continued, "the scrub room and recovery room are real property of [the Hospital, while] the gurney plaintiff was confined in and forced against is tangible personal property of [the Hospital]." Thus, May concluded, the Hospital "used and misused the tangible personal and real property in committing the assault." [11] May went on to refer the trial court to authority wherein Texas courts had determined that injuring a patient by forcing the patient into hospital equipment alleges a valid cause of action for misuse of tangible personal property under the Tort Claims Act. *See, e.g., Huckabay v. Irving Hosp. Foundation*, 802 S.W.2d 758, 760 (Tex.App.—Dallas 1990, writ denied); *Hampton v. University of Texas—M.D. Anderson Cancer Center*, 6 S.W.3d 627 (Tex.App.—Houston [1st Dist.] 1999, no writ). However, both cases cited by May only address whether facts present in those cases fell under the waiver of immunity provided for in section 101.021. Neither case addresses the question of the intentional tort exception in section 101.057(2). Thus, even if we were to agree with May's contention that the facts of the instant case created a waiver of sovereign immunity under section 101.021, we would still face the question of whether the facts of the case triggered an exception to the Hospital's waiver of immunity pursuant to section 101.057(2).

The Hospital argues that the injury in the instant case, irrespective of how it was

---

10. *See* Tex. Civ. Prac. & Rem.Code Ann. § 101.057(2) (Vernon Supp.2001).

11. To elaborate on the gist of May's allegations, in her third amended petition, May alleges, "Enraged after being bitten, Keggler proceeded to physically pound the right breast area of the Plaintiff where the surgery had been performed forcing plaintiff back into the gurney.... While in the hallway, Keggler continued to place excess pressure on Plaintiff's breast area by leaning on Plaintiff and forcing plaintiff back into the gurney while being transported."

pled, arose from an intentional tort, and thus, falls under the section 101.057(2) exception. The Hospital relies heavily on *Townsend v. Memorial Medical Center*, 529 S.W.2d 264 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n.r.e.). In *Townsend*, a hospital patient was raped in a hospital elevator by an orderly who was transferring her to another floor. *Id.* at 265. Townsend sued the hospital claiming that the hospital failed maintain an elevator in such a condition that it could be stopped and locked between floors without a warning device. *Id.* The Court of Appeals held that, although the appellant contended that the rape, an intentional tort, was not the gist of her complaint, her petition left no other fair construction possible. *Id.* at 267.

The Hospital also addresses the Texas Supreme Court's decision in *Delaney v. University of Houston*, 835 S.W.2d 56 (Tex.1992). In *Delaney*, the plaintiff was raped in her dorm room. *Id.* at 57. The plaintiff filed suit contending that the university was liable for its failure to properly maintain the lock on the front door of the dormitory building. *Id.* In holding that the plaintiff's claims did not "arise from" an intentional tort,[12] the Supreme Court distinguished the case from *Townsend* on two bases relevant to our discussion of the instant case: (1) Delaney's

claims focused on the university's conduct, not the rapist's; and (2) Delaney's claims were distinct from the rape she suffered— the university's alleged failure to repair the dormitory door lock was readily distinguishable from the intruder's conduct. *Id.* at 60.

We find the facts of the case at hand to be more analogous to *Townsend* than *Delaney*.[13] As set forth above, May's claims under section 101.021 were generally based on allegations that, during the assault, Keggler made use of the hospital scrub room, recovery room and hospital gurney to cause injury to May and to commit the assault and sexual touching on May. These allegations focus on Keggler's alleged conduct toward May rather than any conduct by the Hospital. *See Delaney*, 835 S.W.2d at 60. Moreover, we fail to see any distinction between the alleged misuse of the Hospital's equipment and facilities and the sexual assault May allegedly suffered. *Id.* Therefore, we conclude that although May contended that the rape, an intentional tort, was not the gist of her pleadings, as such pleadings relate to a waiver of immunity under section 101.021, her allegations in this regard leave no other fair construction possible. May's fifth issue is overruled.[14]

**12.** The Court further held that the term "arises out of" in Texas Civil Practice and Remedies Code § 101.057(2) requires a causal nexus between the plaintiff's claim and the intentional tort. *See Delaney*, 835 S.W.2d at 59.

**13.** In her first supplemental response to the Hospital's motion for summary judgment, May relies heavily on *Delaney* and points to her allegations of negligent hiring and negligent supervision as being distinct from her allegations of assault. However, on appeal, May makes no mention of any of such theories of liability, but rather focuses on the Hospital's waiver of immunity under section 101.021. Thus, we assume that May has

abandoned such theories of liability. As a result, our analogy of *Delaney* to the instant case is made solely with regard to May's contention that the Hospital waived immunity under section 101.021. We do not decide whether there is a causal nexus between the assault and May's other allegations, which are not supported by any argument on appeal whatsoever. *See, e.g., Franklin*, 961 S.W.2d at 711; *Leyva*, 960 S.W.2d at 734; *McFarland*, 932 S.W.2d at 647.

**14.** As set forth in footnote 4, inasmuch as we have overruled May's issues 1, 2, 4 and 5, we likewise overrule May's third issue.

Accordingly, the trial court's order granting final summary judgment is *affirmed.*