NO. 07-10-00022-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 



JUNE
7, 2010

 



 

JOSHUA HAYDEN BRACKENRIDGE, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 355TH DISTRICT COURT OF HOOD
COUNTY;

 

NO. CR10975; HONORABLE RALPH H. WALTON JR., JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and HANCOCK, JJ.

 

 

ON MOTION TO DISMISS

            Pending
before the Court is appellant’s motion to dismiss his appeal. Appellant and his
attorney have both signed the motion.  Tex. R. App. P. 42.2(a). 
No decision of this Court having been delivered to date, we grant the
motion.  Accordingly, the appeal is
dismissed.  No motion for rehearing will
be entertained and our mandate will issue forthwith.

                                                                                                James
T. Campbell

                                                                                                            Justice

Do not publish.  

 






ter;line-height:200%'>MEMORANDUM OPINION

 

Appellants, Home Furnishings, Inc.,
George C. Burnett, Jr., and Marie Burnett, (collectively “Home Furnishings”),
appeal the granting of a summary judgment in an action to collect a deficiency
judgment brought by JPMorgan Chase Bank, NA (Chase).  We affirm the trial court’s judgment.

 

 

Factual and Procedural Background

Home Furnishings Group, Inc.[1]
executed a promissory note in favor of Chase in October 2005.  The note was secured by all of the assets and
inventory in its store in Southlake, Texas. 
Additionally and contemporaneously with execution of the note, the three
appellants executed guaranty agreements which obligated each to pay Chase if
the primary debtor defaulted.  Home
Furnishings Group, Inc. defaulted on the note and Chase foreclosed on all of
the collateral.

Chase hired an auction company to
conduct sales of the collateral.  These
sales concluded and there was a deficiency owed on the note in question.  Chase made demand that the guarantors pay the
deficiency and, because no payments were made, filed suit for the deficiency
amount.  At the time the summary judgment
was ruled upon by the trial court, Home Furnishings’s
answer consisted of a general denial, and a paragraph contending that Chase’s
disposition of the property was not done in a commercially reasonable
manner.  The trial court granted Chase’s
summary judgment and Home Furnishings subsequently filed a motion for new
trial.  For the first time in the motion
for new trial, Home Furnishings raised the defense of impairment or loss of
collateral.  The trial court denied the
motion for new trial and this appeal resulted.[2]

Through a single issue, Home
Furnishings contends the trial court erred in granting a summary judgment
because the proof as to the amount owed on the deficiency was
insufficient.  We disagree and affirm the
trial court’s judgment.

Standard of Review

We review a trial court's decision to
grant a motion for summary judgment de novo. 
See Tex. Mun. Power
Agency v. Pub. Util. Comm'n
of Tex., 253 S.W.3d 184,
192 (Tex. 2007).  In
reviewing a traditional motion for summary judgment, we apply the standards
established in Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548-49
(Tex.1985), which are as follows: 

1.    The movant for summary
judgment has the burden of showing that there is no genuine issue of material
fact and that it is entitled to judgment as a matter of law.

 

2.    In deciding whether there is a disputed material fact
issue precluding summary judgment, evidence favorable to the [nonmovant] will be taken as true.

 

3.    Every reasonable inference must be indulged in favor
of the [nonmovant] and any doubts resolved in its
favor.

 

See id.; May v. Nacogdoches Mem'l
Hosp., 61 S.W.3d 623, 628 (Tex.App.--Tyler
2001, no pet.).  For a party to prevail
on a traditional motion for summary judgment, he must
conclusively establish the absence of any genuine question of material fact and
that he is entitled to judgment as a matter of law.  Tex. R. Civ. P. 166a(c).  A plaintiff moving for summary judgment must
conclusively prove all essential elements of its claim.  MMP, Ltd. v. Jones,
710 S.W.2d 59, 60 (Tex.1986).

Analysis

            To prove an action for a deficiency judgment, Chase was
required to prove that 1) the parties executed a loan agreement for which Home
Furnishings Group, Inc. pledged security and under which Home Furnishings
personally guaranteed the note; 2) Home Furnishings Group, Inc. defaulted on
the loan; 3) Chase made notice and demand for payment; 4) Chase foreclosed on
the collateral and sold it in a commercially reasonable manner; and 5) the sale
did not satisfy the debt and a deficiency remained.  See McGee v. Deere & Co.,
No. 03-04-00222-CV, 2005 Tex.App. LEXIS 2179, at
*4-*5 (Tex.App.—Austin March 24, 2005, pet. denied) (mem. op.).  According
to Home Furnishings, there is no dispute as to the first four of the elements
listed above.  It is the issue of the
sale not satisfying the debt and the amount of the deficiency that requires
reversal under Home Furnishings’s theory of the case.

            To properly analyze this case, we have to review closely
the issue as framed by Home Furnishings’s
appeal.  In general, Home Furnishings
alleges in its summary judgment proof that the inventory taken 70 days before
the closing of the stores reveals not all of the items in the store were
accounted for by Chase.  However, when
reviewed on closer detail it does not address the proof offered by Chase that
all of the items seized were either sold by the auction firm, or accounted for
by the consignees.  The affidavit of
George C. Burnett, Jr., does not raise a material issue of fact due to this
temporal difference.  Therefore, based
upon the summary judgment record before the Court, when we indulge the
inferences in favor of the nonmovant, Home Furnishings,
there is still no genuine issue of material fact raised regarding the
disposition of the property seized by Chase. 
Nixon, 690 S.W.2d at 548-49.  

In its
brief, Home Furnishings also alleges that the trial court erred in the summary
judgment because the creditor, Chase, impaired the collateral in its possession
and therefore discharged the guarantors, citing the Court to Kemper v.
Patrick, 43 Tex.Civ.App. 216,
95 S.W. 51 (Tex.Civ.App.—Galveston 1906, no writ).  Next, Home Furnishings contends that Chase
did not account for all the collateral it seized, citing the Court to a number
of decisions.  See
T.O. Stanley Boot Co. v. Bank of El Paso, 847 S.W.2d 218 (Tex. 1992).  Home Furnishings then arrives at the
conclusion that, as a result of the first two steps, the trial court’s damage
award was not conclusively established. 
This fact resulted in harm to Home Furnishings and, therefore, we should
reverse the trial court’s decision.

            Chase takes the position that Home Furnishings has waived
the impairment or loss of collateral defense by failure to raise this defense
at trial.  A review of the record before
us demonstrates that Home Furnishings was not relying on this argument in answer
to the lawsuit nor in its reply to Chase’s motion for summary judgment.  At best, Home Furnishings gave some
indication regarding this matter in the motion for new trial filed after the
trial court entered summary judgment. 
However, notice of the issue in the motion for new trial did provide
sufficient notice to preserve the issue for appeal.  See Tex.
R. App. P. 33.1(a)(1). 

            Having determined that Home Furnishings’s
impairment or loss of collateral defense was not procedurally waived does not
save Home Furnishings.  Chase points out
in its brief that the guaranty signed by the three appellants contains the
following language:

6. RIGHTS, NOTICES, AND DEFENSES THAT GUARANTOR WAIVES

C. Guarantor waives defenses based upon any claim
that:

4) The Collateral changed in value, or was neglected,
lost, destroyed, or underinsured;

5) Lender impaired the Collateral;

6) Lender did not dispose of any of the Collateral;

8) Lender did not obtain a fair market value of the
Collateral; and,

         13) Lender impaired Guarantor’s suretyship rights.

Chase further points to
another provision in the guaranty agreement that states:

7. DUTIES AS TO COLLATERAL

Lender has no duty to preserve or
dispose of any Collateral.

To support this
proposition, Chase cites the Court to the T.O. Stanley case, see 847 S.W.2d at 223, which states that a
party to a loan can contractually waive claims and defenses.  Home Furnishings does not contest such claims
can be waived.  Our review of the record, convinces us that Home Furnishings did, expressly,
waive the impairment or loss of collateral claim in the guaranty agreement they
entered into.

            Home Furnishings’s contention
is that waiver does not matter because Chase failed to prove its entitlement to
summary judgment.  Home Furnishings
contends they produced an affidavit showing what was in the store when the
inventory was foreclosed upon.  However,
for the reasons stated above, Home Furnishings did not raise a genuine issue of
material fact about the property foreclosed upon.  What Home Furnishings has not done is raise a
genuine issue of material fact about Chase’s proof of the amount of money that
was owing at the time of foreclosure, amount of money that was spent on
disposing of the property, and proceeds from the sale which in turn leads to
the deficiency for which judgment was issued. 
McGee, 2005 Tex.App. LEXIS
2179, at *3.  The record clearly
supports the trial court’s action in granting the summary judgment for the
deficiency judgment.  Appellants’ issue
is overruled.

Conclusion

            Having
overruled appellants’ issue, we affirm the trial court’s judgment.

 

                                                                                                Mackey
K. Hancock

                                                                                                            Justice

 

Campbell, J., concurring.

Pirtle, J., dissenting.  











[1] Home Furnishings Group, Inc. was not a party to the
lawsuit.

 





[2] Pursuant to the Texas Supreme Court’s docket
equalization efforts, this case was transferred to
this Court from the Fort Worth Court of Appeals.  See Tex.
Gov’t Code
Ann. § 73.001 (West 2005).  That being so, we must decide this case “in
accordance with the precedent of the transferor court under the principles of
stare decisis” if our decision otherwise would have
been inconsistent with the precedent of the transferor court.  Tex.
R. App. P. 41.3; Phillips v. Phillips, 296 S.W.3d 656, 672  (Tex.App.—El Paso 2009, pet. denied).