Opinion issued March 31, 2011.    

 



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00379-CV

———————————

Big H Construction, Inc., Appellant

V.

Richard S.
Hensley, Appellee



 



 

On Appeal from the County Court at Law Number Three 

Galveston County, Texas



Trial Court Case No. 61,298

 



 

MEMORANDUM OPINION

          In
this construction contract dispute, Big H Construction, Inc. appeals a judgment
granted in favor of Richard and Katherine Hensley.  Big H Construction contends that the trial
court erred in granting a summary judgment
under section 53.160 of the Texas Property Code on the day of trial because it
did not receive timely notice of the hearing on the motion.  See Tex. Prop. Code Ann. § 53.160
(West 2009).  We agree.  We therefore reverse and remand.  

Background

          In
September 2007, Big H Construction and Richard Hensley executed a written
contract, in which Big H Construction agreed to improve the Hensley residence in
exchange for $3,000.  Richard Hensley made
a down payment of $1,500 and agreed to pay another $1,500 when Big H
Construction completed its work.  In
October 2007, Big H Construction filed an affidavit with the Galveston County Clerk
to perfect a mechanic’s and materialman’s lien of $1,500 on the Hensley residence.  In the affidavit, the president of Big H
Construction averred that Richard Hensley had failed to pay the $1,500 balance due
on the contract, even though Big H Construction had completed the improvements.    

          In
August 2009, the Hensleys sued for a declaratory judgment to set aside Big H
Construction’s lien affidavit and for attorney’s fees.   Big H
Construction filed a general denial and asserted counterclaims against Richard Hensley
based on his failure to pay the outstanding $1,500 on the contract and on the
theory of quantum meruit for
improvements that it made to the Hensley residence.  The Hensleys answered the counterclaims, arguing
that the contract was void.  Big H
Construction requested a jury trial, and the court set the case for trial in
March 2010.     

          On
March 9, 2010, the Hensleys filed a summary motion under section 53.160 of the
Texas Property Code, asking that the trial court declare Big H Construction’s
lien and contract invalid and unenforceable. 
See Tex. Prop. Code Ann. § 53.160 (West 2009) (allowing party objecting to
mechanic’s and materialman’s lien as invalid or unenforceable to file summary
motion to remove lien).  On the same day,
they allegedly served Big H Construction with the motion.  In the motion, the Hensleys contended that the
lien was invalid and unenforceable because: (1) Katherine Hensley did not also sign
the contract for the improvement on their residence, as section 53.254(c) of
the Texas Property Code requires, and (2) Big H Construction did not file the
contract with the county clerk, as section 53.254(e) of the Texas Property Code
requires.  See Tex. Prop. Code
Ann.                  § 53.254 (West 2009).  They also asserted
that Big H Construction also did not deliver a disclosure statement to Richard Hensley
before he executed the contract, as section 53.255 of the Texas Property Code
requires.  See Tex. Prop. Code Ann. § 53.255 (West 2009).  

          Eight days later, on March 17, 2010, the
date of trial, the trial court held a pretrial hearing and considered the
Hensleys’ summary motion.  According to the Hensleys, the only issue for the trial court to decide
was the attorney’s fees that they incurred in invalidating the lien.  In response, Big H Construction moved to strike the summary motion because the Hensleys failed to give 21-days’ notice
of a hearing on the motion, as section 53.160(c) of the Texas Property Code
requires. 
See Tex. Prop. Code Ann. § 53.160(c) (West 2009).     

          The
trial court denied Big H Construction’s motion to strike in a written order and
granted the Hensleys’ summary motion.  The court dismissed the jury panel and held a
hearing on the attorney’s fees.  The
court entered a judgment in favor of the Hensleys along with findings of fact
and conclusions of law.  In the judgment,
the court decreed that the contract between the parties was void and
unenforceable, and the mechanic’s and materialman’s lien was void.  It also awarded the Hensleys attorney’s fees.


Discussion

Appellate Jurisdiction 

          We
review issues affecting our appellate jurisdiction sua sponte.  M.O. Dental Lab v. Rape, 139 S.W.3d 671, 673 (Tex. 2004).  Here, the trial court’s judgment
does not explicitly address Big H Construction’s quantum meruit claim.  But, at the hearing on their summary motion, the Hensleys contended
that Big H Construction could not recover on its contract and quantum meruit claims.  The trial court agreed and granted the
motion.  The court stated that the only
issue left to decide in the case was attorney’s fees and, as a result, dismissed
the jury panel.  The record
indicates that the court intended the judgment to dispose of all claims and of
the entire case.  We hold that
the record reflects that the parties and the trial court intended the judgment
to be final.  See Lehmann
v. Har-Con Corp.,
39 S.W.3d 191, 206 (Tex. 2001) (holding that “an order that all parties appear
to have treated as final may be final despite some vagueness in the order
itself”). 

Notice 

          Big H
Construction contends that the trial court erred in granting Hensley’s summary motion because it did not receive
timely notice of the hearing on the motion. 
Section 53.160 of the Texas Property Code provides in relevant part: 

          (a) In a suit brought to foreclose a
lien or to declare a claim or lien invalid or unenforceable, a party objecting
to the validity or enforceability of the claim or lien may file a motion to
remove the claim or lien . . . 

. . . .

(c)  The claimant is not required to file a
response.  The claimant and any other
party that has appeared in the proceeding must be notified by at least 21 days
before the date of the hearing on the motion . . . 

 

Tex. Prop. Code Ann. § 53.160 (a,c) (West 2009). 
Section 53.160(c) expressly provides that the nonmovant is entitled to
21-days’ notice of the hearing on the motion.  
Here, the Hensleys filed their summary motion on March 9, 2011, and
served Big H Construction with it on the same day.  The trial court conducted a hearing on the
motion on March 17, 2011.  The Hensleys did
not comply with the notice requirement of the statute.   

          In response, the Hensleys maintains
that Big H Construction did not preserve error on this issue.  Lack of proper notice is a non-jurisdictional defect that
the nonmovant can waive.  See May v.
Nacogdoches Mem’l Hosp., 61
S.W.3d 623, 626 (Tex. App.—Tyler 2001, no pet.); see also White v. Wah, 789 S.W.2d 312, 319 (Tex. App.—Houston
[1st Dist.] 1990, no writ).  To preserve
error for a complaint regarding late notice of a summary judgment hearing, a
nonmovant who receives notice that is untimely but sufficient to enable the nonmovant
to attend the hearing must move for continuance or raise the late-notice complaint
in writing.  May, 61 S.W.3d at 626; Rios v. Texas
Bank, 948 S.W.2d 30, 33
(Tex. App.—Houston [14th Dist.] 1997, no writ).  Here, the record reflects that Big H
Construction presented a written objection to the trial court complaining that
Hensley violated the 21-days’ notice requirement. The trial court overruled
the objection in a written order.  In
addition, Big H Construction objected at the hearing and quoted the text of
section 53.160(c) for the court.   Accordingly,
Big H Construction preserved its late-notice complaint for our review.  See May, 61 S.W.3d at 626; Rios, 948 S.W.2d at 33.  We hold that the trial court erred in granting
the Hensleys’ summary motion because Big H Construction did not receive the
required 21-days’ notice of the hearing.[1]  Given our disposition on this issue, we do not
address the remaining issues raised by Big H Construction.[2] 

Conclusion

We reverse the judgment and remand the cause to
the trial court. 

 

 

                                                                   Jane
Bland

                                                                   Justice


 

Panel
consists of Chief Justice Radack and Justices Alcala and Bland.

 











[1] We also note that even if we construe the Hensleys’
summary motion as a traditional summary judgment motion the trial court still
erred in granting it because, in a summary judgment proceeding, the nonmovant
also is entitled to 21-days’ notice of the hearing or submission.  See Tex. R. Civ. P. 166a(c); see also Chadderdon v. Blaschke, 988
S.W.2d 387, 388 (Tex. App.—Houston [1st Dist.] 1999, no pet.) (reversing trial
court’s grant of summary judgment in favor of movant because movant did not
provide proper notice of hearing to nonmovant).   

 





[2] Although we do not address the merits of the
Hensleys’ summary motion, we note that section 53.160 of the Texas Property
Code only authorizes the trial court to enter an order removing the lien
claimed in a lien affidavit.  See Tex. Prop. Code Ann. § 53.160(e) (West 2009).  Section
53.160 does not authorize the trial court to invalidate a contract and rule
summarily on other claims raised by the parties.