NO. 07-10-00012-CV
 
 IN THE COURT OF APPEALS
 
 FOR THE SEVENTH DISTRICT OF TEXAS
 
 AT AMARILLO
 
 PANEL A
 
--------------------------------------------------------------------------------
JUNE 24, 2011
--------------------------------------------------------------------------------

 
HOME FURNISHINGS, INC., GEORGE C. BURNETT, JR., AND MARIE E. BURNETT, APPELLANTS
 
 v.
 
 JPMORGAN CHASE BANK, NA, APPELLEE 
--------------------------------------------------------------------------------

 
 FROM THE 96TH DISTRICT COURT OF TARRANT COUNTY;
 
 NO. 96-229807-08; HONORABLE JEFF WALKER, JUDGE
--------------------------------------------------------------------------------

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

 MEMORANDUM OPINION
 
Appellants, Home Furnishings, Inc., George C. Burnett, Jr., and Marie Burnett, (collectively "Home Furnishings"), appeal the granting of a summary judgment in an action to collect a deficiency judgment brought by JPMorgan Chase Bank, NA (Chase). We affirm the trial court's judgment.
 
 
 Factual and Procedural Background
Home Furnishings Group, Inc. executed a promissory note in favor of Chase in October 2005. The note was secured by all of the assets and inventory in its store in Southlake, Texas. Additionally and contemporaneously with execution of the note, the three appellants executed guaranty agreements which obligated each to pay Chase if the primary debtor defaulted. Home Furnishings Group, Inc. defaulted on the note and Chase foreclosed on all of the collateral.
Chase hired an auction company to conduct sales of the collateral. These sales concluded and there was a deficiency owed on the note in question. Chase made demand that the guarantors pay the deficiency and, because no payments were made, filed suit for the deficiency amount. At the time the summary judgment was ruled upon by the trial court, Home Furnishings's answer consisted of a general denial, and a paragraph contending that Chase's disposition of the property was not done in a commercially reasonable manner. The trial court granted Chase's summary judgment and Home Furnishings subsequently filed a motion for new trial. For the first time in the motion for new trial, Home Furnishings raised the defense of impairment or loss of collateral. The trial court denied the motion for new trial and this appeal resulted.
Through a single issue, Home Furnishings contends the trial court erred in granting a summary judgment because the proof as to the amount owed on the deficiency was insufficient. We disagree and affirm the trial court's judgment.
 Standard of Review
We review a trial court's decision to grant a motion for summary judgment de novo. See Tex. Mun. Power Agency v. Pub. Util. Comm'n of Tex., 253 S.W.3d 184, 192 (Tex. 2007). In reviewing a traditional motion for summary judgment, we apply the standards established in Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548-49 (Tex.1985), which are as follows: 
* The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

* In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the [nonmovant] will be taken as true.

* Every reasonable inference must be indulged in favor of the [nonmovant] and any doubts resolved in its favor.

See id.; May v. Nacogdoches Mem'l Hosp., 61 S.W.3d 623, 628 (Tex.App.--Tyler 2001, no pet.). For a party to prevail on a traditional motion for summary judgment, he must conclusively establish the absence of any genuine question of material fact and that he is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). A plaintiff moving for summary judgment must conclusively prove all essential elements of its claim. MMP, Ltd. v. Jones, 710 S.W.2d 59, 60 (Tex.1986).
 Analysis
 To prove an action for a deficiency judgment, Chase was required to prove that 1) the parties executed a loan agreement for which Home Furnishings Group, Inc. pledged security and under which Home Furnishings personally guaranteed the note; 2) Home Furnishings Group, Inc. defaulted on the loan; 3) Chase made notice and demand for payment; 4) Chase foreclosed on the collateral and sold it in a commercially reasonable manner; and 5) the sale did not satisfy the debt and a deficiency remained. See McGee v. Deere & Co., No. 03-04-00222-CV, 2005 Tex.App. LEXIS 2179, at *4-*5 (Tex.App. -- Austin March 24, 2005, pet. denied) (mem. op.). According to Home Furnishings, there is no dispute as to the first four of the elements listed above. It is the issue of the sale not satisfying the debt and the amount of the deficiency that requires reversal under Home Furnishings's theory of the case.
 To properly analyze this case, we have to review closely the issue as framed by Home Furnishings's appeal. In general, Home Furnishings alleges in its summary judgment proof that the inventory taken 70 days before the closing of the stores reveals not all of the items in the store were accounted for by Chase. However, when reviewed on closer detail it does not address the proof offered by Chase that all of the items seized were either sold by the auction firm, or accounted for by the consignees. The affidavit of George C. Burnett, Jr., does not raise a material issue of fact due to this temporal difference. Therefore, based upon the summary judgment record before the Court, when we indulge the inferences in favor of the nonmovant, Home Furnishings, there is still no genuine issue of material fact raised regarding the disposition of the property seized by Chase. Nixon, 690 S.W.2d at 548-49. 
In its brief, Home Furnishings also alleges that the trial court erred in the summary judgment because the creditor, Chase, impaired the collateral in its possession and therefore discharged the guarantors, citing the Court to Kemper v. Patrick, 43 Tex.Civ.App. 216, 95 S.W. 51 (Tex.Civ.App. -- Galveston 1906, no writ). Next, Home Furnishings contends that Chase did not account for all the collateral it seized, citing the Court to a number of decisions. See T.O. Stanley Boot Co. v. Bank of El Paso, 847 S.W.2d 218 (Tex. 1992). Home Furnishings then arrives at the conclusion that, as a result of the first two steps, the trial court's damage award was not conclusively established. This fact resulted in harm to Home Furnishings and, therefore, we should reverse the trial court's decision.
 Chase takes the position that Home Furnishings has waived the impairment or loss of collateral defense by failure to raise this defense at trial. A review of the record before us demonstrates that Home Furnishings was not relying on this argument in answer to the lawsuit nor in its reply to Chase's motion for summary judgment. At best, Home Furnishings gave some indication regarding this matter in the motion for new trial filed after the trial court entered summary judgment. However, notice of the issue in the motion for new trial did provide sufficient notice to preserve the issue for appeal. See Tex. R. App. P. 33.1(a)(1). 
 Having determined that Home Furnishings's impairment or loss of collateral defense was not procedurally waived does not save Home Furnishings. Chase points out in its brief that the guaranty signed by the three appellants contains the following language:
6. RIGHTS, NOTICES, AND DEFENSES THAT GUARANTOR WAIVES
C. Guarantor waives defenses based upon any claim that:
4) The Collateral changed in value, or was neglected, lost, destroyed, or underinsured;
5) Lender impaired the Collateral;
6) Lender did not dispose of any of the Collateral;
8) Lender did not obtain a fair market value of the Collateral; and,
 13) Lender impaired Guarantor's suretyship rights.
Chase further points to another provision in the guaranty agreement that states:
7. DUTIES AS TO COLLATERAL
Lender has no duty to preserve or dispose of any Collateral.
To support this proposition, Chase cites the Court to the T.O. Stanley case, see 847 S.W.2d at 223, which states that a party to a loan can contractually waive claims and defenses. Home Furnishings does not contest such claims can be waived. Our review of the record, convinces us that Home Furnishings did, expressly, waive the impairment or loss of collateral claim in the guaranty agreement they entered into.
 Home Furnishings's contention is that waiver does not matter because Chase failed to prove its entitlement to summary judgment. Home Furnishings contends they produced an affidavit showing what was in the store when the inventory was foreclosed upon. However, for the reasons stated above, Home Furnishings did not raise a genuine issue of material fact about the property foreclosed upon. What Home Furnishings has not done is raise a genuine issue of material fact about Chase's proof of the amount of money that was owing at the time of foreclosure, amount of money that was spent on disposing of the property, and proceeds from the sale which in turn leads to the deficiency for which judgment was issued. McGee, 2005 Tex.App. LEXIS 2179, at *3. The record clearly supports the trial court's action in granting the summary judgment for the deficiency judgment. Appellants' issue is overruled.
 Conclusion
 Having overruled appellants' issue, we affirm the trial court's judgment.

 Mackey K. Hancock
 Justice

Campbell, J., concurring.
Pirtle, J., dissenting.