

# IN THE
# TENTH COURT OF APPEALS

No. 10-21-00058-CV

**ELTON SENEGAL D/B/A ELTON'S CONSTRUCTION,**

**Appellant**

**v.**

**LANCE AND LISA BELONEY,**

**Appellees**

**From the 278th District Court**
**Walker County, Texas**
**Trial Court No. 2029771**

## MEMORANDUM OPINION

Elton Senegal, d/b/a Elton's Construction appeals from a judgment that granted a motion for summary judgment filed by Lance and Lisa Beloney. Senegal complains that the trial court abused its discretion by denying his motion for new trial because he did not receive notice of the summary judgment hearing pursuant to Rule of Civil Procedure 166a(c). Because we find that Senegal did not timely preserve his complaint, we affirm the judgment of the trial court.

The Beloneys filed a petition for a declaratory judgment pursuant to Chapter 53 of the Property Code alleging that Senegal had not complied with the notice requirements to properly impose a lien against their property and seeking a declaration that the lien was void. In support, the Beloneys also filed a summary motion to remove the allegedly invalid lien pursuant to Property Code Section 53.160. Senegal filed a response to the summary motion but no hearing was conducted by the trial court on that motion. The Beloneys filed a motion for summary judgment on December 23, 2020 but failed to attach a certificate of service or notice of hearing to the motion. Counsel for the Beloneys filed a supplement to the motion for summary judgment to attach a certificate of service on January 6, 2021, but the certificate only included that the supplement rather than the motion for summary judgment was served on December 23, 2020.

On January 5, 2021, Senegal's counsel filed an agreed motion to withdraw, signed by Senegal, which was granted by the trial court that same day. The motion stated that a motion for summary judgment had been filed but did not include a date set for the hearing. On January 13, 2021, the trial court sent a notice of hearing to counsel for the Beloneys and to Senegal that shows that the hearing on the motion for summary judgment was set for January 25, 2021. Senegal did not file a response to the motion for summary judgment and did not appear at the hearing on January 25, 2021. The trial court granted the motion for summary judgment on January 25, 2021.

New counsel for Senegal filed a motion to appear in February of 2021 and filed a motion for new trial. The motion for new trial alleged that Senegal did not receive proper notice of the hearing on the motion for summary judgment and attached an affidavit by his new counsel which included his new counsel's version of what had taken place prior to his involvement in the case, including conversations he had with the court coordinator and an employee of the district clerk's office after the judgment was rendered. Exhibits including the trial court's setting notice from January 13, 2021 and a docket sheet were also attached to the motion for new trial. The motion did not include an affidavit from Senegal.

The Beloneys filed a response to the motion for new trial, alleging that Senegal had received timely notice of the motion for summary judgment as it was electronically filed and served on Senegal's original counsel prior to his withdrawal, and was electronically served again on his original counsel and to Senegal personally on December 28, 2020. Further, the Beloneys allege that, after receiving a date and time for the hearing from the trial court coordinator in accordance with the trial court's rules, a document entitled "Confirmation of Hearing" showing that the hearing was to be held on January 25, 2021 was sent by email to Senegal's original counsel and to Senegal individually on December 29, 2020.

During the hearing on the motion for new trial, the trial court expressed his own recollection of events without objection by either party. The trial court stated that the

court sent the notice on January 13, 2021 by email and regular mail to Senegal in accordance with its usual procedures. The trial court also stated that prior to the hearing on January 25, 2021, Senegal called and spoke to an employee who works for the trial court and indicated to the employee that he already knew about the setting on January 25. After hearing the arguments of counsel, the trial court denied the motion for new trial.

Rule of Civil Procedure 166a(c) requires that both the motion for summary judgment and notice of the summary judgment hearing be served on opposing counsel or the opposing party at least 21 days before the hearing date. TEX. R. CIV. P. 166a(c); *Cardenas v. Bilfinger TEPSCO, Inc.*, 527 S.W.3d 391, 405 (Tex. App.—Houston [1st Dist.] 2017, no pet.). The record establishes that Senegal had timely notice that the motion for summary judgment had been filed. The issue is whether or not Senegal had notice of the hearing more than 21 days before the hearing date.

However, even if Senegal did not have 21 days' notice of the hearing, the lack of 21 days' notice of a summary judgment hearing is a non-jurisdictional defect that the nonmovant can waive. *See May v. Nacogdoches Mem'l Hosp.*, 61 S.W.3d 623, 626 (Tex. App.—Tyler 2001, no pet.). If the nonmovant receives notice that is untimely but sufficient to enable the nonmovant to attend the summary judgment hearing, the nonmovant must file a motion for continuance or raise the complaint of late notice in writing before or at the summary judgment hearing. *Nguyen v. Short, How, Frels & Heitz,*

*P.C.*, 108 S.W.3d 558, 560 (Tex. App.—Dallas 2003, pet. denied); *May*, 61 S.W.3d at 626.

As it relates to this proceeding, it is only when the nonmovant is not given notice of the summary judgment hearing that the nonmovant may preserve error in a post-trial motion. *May*, 61 S.W.3d at 626-27. There is nothing in the record to show that Senegal filed a motion for continuance or otherwise notified the trial court of his complaint before or during the summary judgment hearing, even though the trial court determined that he had knowledge of the date of the hearing prior to the hearing. The error is, therefore, not preserved for our review. *See, e.g., Nguyen*, 108 S.W.3d at 560-61. We overrule Senegal's sole appellate issue.

**CONCLUSION**

Having found no reversible error, we affirm the judgment of the trial court.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Johnson, and
     Justice Smith
Affirmed
Opinion delivered and filed November 2, 2022
[CV06]

