

**KEN PAXTON**

ATTORNEY GENERAL OF TEXAS

March 8, 2024

The Honorable John Fleming
Nacogdoches County Attorney
101 West Main Street, Room 230
Nacogdoches, Texas 75961

      **Opinion No. KP-0461**

      Re: Calculation of the amount "not to exceed one-fourth of one percent" in Texas Special District Code section 1069.211, governing the Nacogdoches County Hospital District's allocation of its sales and use tax revenue for economic development (RQ-0516-KP)

Dear Mr. Fleming:

      You tell us that the Nacogdoches County Hospital District ("District") assesses a local sales and use tax of one percent in the District.[1] You ask about Special District Local Laws Code section 1069.211, which authorizes the District to allocate a portion of the sales and use tax revenue for economic development. *See* Request Letter at 1; TEX. SPEC. DIST. CODE § 1069.211 (providing the District "may allocate a portion of its annual sales and use tax revenue, not to exceed one-fourth of one percent, to encourage economic development").

      You state that the District has historically interpreted section 1069.211 to mean that it may allocate for economic development "up to 'one-fourth of one percent' of the one percent sales and use tax" revenue. Request Letter at 2. By way of example, you say that under this interpretation, "if the District collected $10 million in sales tax revenue for the year, it was able, but not required, to allocate no more than $25,000.00 for economic development ($10,000,000.00 x (0.01 x 0.25))." *Id.* You explain that some individuals assert "that the 'one percent' referenced in section 1069.211 refer[s] to the entire one percent annual sales and use tax received by the District." *Id.* You say that under this alternative interpretation "the District would potentially have the ability to allocate up to $2,500,000.00 for economic development; i.e., one-fourth of $10 million annual sales and use tax revenue ($10,000,000.00 x 0.25)." *Id.* Thus, you seek to confirm the maximum amount of annual sales and use tax revenue the District may allocate for economic development. We begin with some background information.

---

[1]Letter from Honorable John Fleming, Nacogdoches Cnty. Att'y, to Honorable Ken Paxton, Tex. Att'y Gen. at 2 (Oct. 2, 2023), https://texasattorneygeneral.gov/sites/default/files/request-files/request/2023/RQ0516KP.pdf ("Request Letter").

**Background regarding the Nacogdoches County Hospital District.**

The District is a special law hospital district created by the Legislature under the authority of article IX, section 9 of the Texas Constitution. *See* Act of May 17, 1967, 60th Leg., R.S., ch. 431, § 1, 1967 Tex. Gen. Laws 987; TEX. CONST. art. IX, § 9 (providing "[t]he Legislature may by general or special law provide for the creation, establishment, maintenance and operation of hospital districts"); *May v. Nacogdoches Mem'l Hosp.*, 61 S.W.3d 623, 627 (Tex. App.—Tyler 2001, no pet.) (recognizing this fact for the purpose of applying sovereign immunity). Chapter 1069 of the Special District Local Laws Code, titled "Nacogdoches County Hospital District," is the District's enabling legislation. TEX. SPEC. DIST. CODE §§ 1069.001–.304.

Chapter 1069 authorizes the District to impose an ad valorem tax. *Id.* § 1069.301. You explain that, in January of 1992, the voters of the District voted to replace the ad valorem tax with a sales and use tax. Request Letter at 2 (explaining that "on January[] 18, 1992, the citizens of Nacogdoches County voted to replace the Hospital District's ad valorem tax assessment with the receipt of a portion of the sales and use tax"). For purposes of this opinion, we assume the sales and use tax was adopted pursuant to Health and Safety Code section 285.061.[2] *See* Act of May 24, 1991, 72d Leg., R.S., ch. 658, § 1, 1991 Tex. Gen. Laws 2407 (providing that "[a] hospital district that is authorized to impose ad valorem taxes may adopt a sales and use tax") (current version at TEX. HEALTH & SAFETY CODE § 285.061(a)); *see also* Tex. Att'y Gen. Op. No. JC-0247 (2000) at 2 ("A hospital district's authority is limited by applicable constitutional and statutory provisions, as well as any special laws enabling a particular district."). Subject to certain limitations, voters could have adopted "the tax at a rate of one-eighth percent, one-fourth percent, one-half percent, one percent, one and one-half percent, or two percent." *See* Act of May 24, 1991, 72d Leg., R.S., ch. 658, § 1, 1991 Tex. Gen. Laws 2407 (amended 1997) (current version at TEX. HEALTH & SAFETY CODE § 285.061(a)). You tell us that the District's voters adopted a rate of one percent. *See* Request Letter at 2. With that background, we consider Special District Local Laws Code section 1069.211.

**Special District Local Laws Code section 1069.211 authorizes the District to allocate for economic development up to one-fourth of one percent (0.01 x 0.25) of its annual sales and use tax revenue.**

A court's objective when interpreting a statute "is to ascertain and give effect to the Legislature's intent." *Hegar v. Health Care Serv. Corp.*, 652 S.W.3d 39, 43 (Tex. 2022) (quoting *In re D.S.*, 602 S.W.3d 504, 514 (Tex. 2020)). When possible, that intent is discerned from the plain meaning of the words chosen. *See Maxim Crane Works, L.P. v. Zurich Am. Ins. Co.*, 642 S.W.3d 551, 557 (Tex. 2022). Courts also consider punctuation in construing statutes. *See Sullivan v. Abraham*, 488 S.W.3d 294, 297 (Tex. 2016).

Section 1069.211 authorizes the District to "allocate a portion of its annual sales and use tax revenue, not to exceed one-fourth of one percent, to encourage economic development in the

---

[2]*See* Email from Jose Castaneda, Nacogdoches Assistant Cnty. Att'y, to Op. Comm. (Feb. 26, 2024) (on file with the Op. Comm.) ("[T]his office has no reason to believe that the election was held under any other authority except for Health and Safety Code Section 285.061.")

district as described by Section 52-a, Article III, Texas Constitution." TEX. SPEC. DIST. CODE § 1069.211. The portion of the sales and use tax revenue that may be used for economic development is measured by the annual amount of sales and use taxes collected by the Texas Comptroller of Public Accounts and allocated to the District. *See* TEX. HEALTH & SAFETY CODE § 285.061(b) (providing that "Chapter 323, Tax Code, applies to the application, collection, and administration of the tax"); TEX. TAX CODE § 323.301 (providing the comptroller administers and collects a tax under chapter 323). The comma before and after the phrase "not to exceed one-fourth of one percent" signals that the phrase modifies that "portion" of the annual revenue that may be used for economic development. The plain language of the statute thus authorizes the District to allocate for economic development up to one-fourth of one percent (0.01 x 0.25) of its annual sales and use tax revenue. A court would likely conclude the District's historical interpretation of section 1069.211 is consistent with the plain language of the statute.

> **The alternative interpretation of section 1069.211 leaves the section ineffective if the voters elect to change the sales and use tax rate and overlooks the statute's plain language.**

As previously explained, advocates of the alternative interpretation argue "the 'one percent' referenced in section 1069.211 refer[s] to the entire one percent annual sales and use tax received by the District." Request Letter at 2. In other words, these individuals argue that the Legislature prescribed a calculation that incorporates the one percent sales and use tax rate adopted by the voters of the District in 1992. *Id.* That interpretation makes the statute ineffective if the voters ever elect to change the rate to an amount other than one percent. *See* TEX. HEALTH & SAFETY CODE § 285.061(a) (providing that "[a] district may change the rate of the sales and use tax"); *Hotze v. Turner*, 672 S.W.3d 380, 388 (Tex. 2023) (providing that courts "presume that the Legislature intends statutes to be effective in their entirety and feasible of execution"); *City of Fort Worth v. Pridgen*, 653 S.W.3d 176, 184 (Tex. 2022) (recognizing courts may look to "the consequences of a particular construction" when interpreting statutes).

Moreover, under the alternative interpretation, you say the District could allocate for economic development up to one-fourth of the annual sales and use tax revenue of the District. Request Letter at 2. That construction of section 1069.211 overlooks the statute's plain language, as previously discussed. *See supra* at 3–4. The Legislature knows how to authorize such an amount. *Cf., e.g.*, TEX. LOC. GOV'T CODE § 283.053(d)(2) (describing "an amount not to exceed 21 percent of the total sales and use tax revenue received"). It has not done so here. *See FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 885 (Tex. 2000) (relying on principle of statutory construction that the Legislature knows how to enact laws effectuating its intent). In sum, a court would likely reject the alternative interpretation of section 1069.211.

## S U M M A R Y

A court would likely conclude Special District Local Laws Code section 1069.211 authorizes the Nacogdoches County Hospital District to allocate for economic development up to one-fourth of one percent (0.01 x 0.25) of its annual sales and use tax revenue.

Very truly yours,

K E N   P A X T O N
Attorney General of Texas


BRENT WEBSTER
First Assistant Attorney General

LESLEY FRENCH
Chief of Staff

D. FORREST BRUMBAUGH
Deputy Attorney General for Legal Counsel

AUSTIN KINGHORN
Chair, Opinion Committee

CHRISTY DRAKE-ADAMS
Assistant Attorney General, Opinion Committee